IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**WILLIAM RAY PITTMAN**　　　　　　　　　　　　　　　　　**PETITIONER**
**ADC #610403**

v.　　　　　　　**CASE NO.: 5:07CV00242 BD**

**LARRY NORRIS**　　　　　　　　　　　　　　　　　**RESPONDENT**
**Director, Arkansas Department**
**of Correction**

## ORDER

By Order dated June 11, 2008, this Court denied Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254, in which Petitioner challenged the use of illegally obtained evidence in his trial in the Circuit Court of Union County, Arkansas. In his habeas corpus action (docket entry #2), Petitioner claimed that the trial court erred by failing to suppress drug evidence leading to his conviction. Petitioner argued that this violated his Fourth Amendment rights under the Constitution.

Petitioner now seeks a Certificate of Appealability (COA) under 28 U.S.C. § 2253 so that he may appeal the denial of his habeas corpus petition. In his Motion for COA (docket entry #13), Petitioner again argues that "[t]he trial court was in error to deny Petitioner's motion to suppress illegally obtained drug evidence in violation of his Fourth Amendment Right to be free from unreasonable searches and seizures."

The COA statute establishes procedural rules requiring a threshold inquiry as to whether the circuit court of appeals may entertain an appeal. *Slack v. McDaniel,* 529 U.S. 473, 482, 120 S.Ct. 1595, 1603 (2000). Title 28 U.S.C. § 2253 limits the right of appeal

to cases in which "a circuit justice or judge issues a certificate of appealability . . . in a habeas corpus proceeding in which the detention arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).

This Court may issue a COA, but only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court of Appeals for the Eighth Circuit held this to be a "modest standard" in *Randolph v. Kemna*, 276 F.3d 401, 403 n. 1 (8th Cir. 2002) (quoting *Charles v. Hickman*, 228 F.3d 981, 982 n. 1 (9th Cir. 2000)). The United States Supreme Court has interpreted the "substantial showing" requirement of § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .

*Slack*, 529 U.S. at 484.

Petitioner may have made a substantial showing of a Fourth Amendment violation. After careful consideration, however, it appears that reasonable jurists would not debate whether the Court properly denied Petitioner's request for habeas corpus relief.

Petitioner requests a COA to contest the state court's decision not to suppress illegally obtained evidence in his trial. Unfortunately for Petitioner, "[t]he state courts' conclusion on [Petitioner's] Fourth Amendment claim is classically unreviewable under *Stone*." *Chavez v. Weber*, 497 F.3d 796, 803 (8th Cir. 2007) (citing *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976)).

In *Stone v. Powell*, the United States Supreme Court held that, where a state prisoner has been afforded "an opportunity for full and fair litigation of a Fourth Amendment claim, [he] may not be granted federal habeas corpus relief on the grounds that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. Petitioner fully litigated his Fourth Amendment claim through the Arkansas courts. Regardless of whether the state courts erred in deciding the legal merits of his claim, it is barred from federal habeas review. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Accordingly, the Motion for COA (docket entry #13) must be, and hereby is, DENIED.

IT IS SO ORDERED, this 2nd day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE